STATE OF WEST VIRGINIA

*v.*

ROBERT DARRELL SAUNDERS

(No. 14246)

Decided March 10, 1981.

*William L. Redd* and *Kirk L. Frankel* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *S. Clark Woodroe*, Assistant Attorney General, for defendant in error.

HARSHBARGER, CHIEF JUSTICE:

In 1977, a Cabell County jury found Robert Darrell Saunders guilty of first-degree murder without a mercy recommendation. Saunders assigns three errors for reversal: Insubstantial evidence, inflammatory photo-

graphs, and prosecutorial misconduct in the closing argument.

Saunders' friend, Sophia Brown, was found dead when firemen responded to a fire call for her apartment. Testimony by two medical examiners revealed that she had died of strangulation by a rope or cord, and was then set on fire. No evidence was introduced to counter these findings. At trial color photographs of Brown's charred body were admitted in evidence and given to the jury.

One color photograph portrays the contorted body, unclothed except for several shreds of unburned garments, lying face up on the apartment floor. Half of the face and the exposed flesh of the arm, neck, shoulder, chest and torso are black or red from various degrees of burning. Another photograph is a color close-up of the disfigured face. The left portion of the head is burned beyond recognition, with what appears to be melted plastic debris searing the left eye closed. The right eye is intact and open, in a frozen stare at the viewer. The photographs are gruesome and inflammatory.

Our most detailed discussion of gruesome photographs is *State v. Rowe*, 163 W.Va. 593, 259 S.E.2d 26 (1979). We summarized our rule in Syllabus Point 1:

> Gruesome photographs are not *per se* inadmissible, but they must have something more than probative value, because by the preliminary finding that they are gruesome, they are presumed to have a prejudicial and inflammatory effect on a jury against a defendant. The State must show that they are of essential evidentiary value to its case.

We wrote in *State v. Clawson*, ____ W.Va. ____, 270 S.E.2d 659, 672 (1980), that the fact that a trial preceded *Rowe* does not make gruesome photographs less gruesome nor more admissible.

Nothing in this case or the brief indicates that the photographs were essential to the prosecution. There was uncontroverted medical testimony about cause of death and the body's mutilation, and the only issue was identity

of the killer. The photographs provided no clue for identifying the assailant, and served no purpose other than to inflame the jury. We stand strongly behind our views expressed in *Rowe*, appreciating defense counsel's representation that after the jurors saw these photographs he could no longer get even eye contact with them.

We have reviewed the other errors assigned and find none to be a basis for reversal.

*Reversed.*